## In re MELLICK.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

ATTORNEY AND CLIENT ☞147—SETTLEMENT OF ESTATE—ATTORNEY'S FEE—ALLOWANCE.

     A distant relative of an intestate, who had been living apart from his wife for 18 years before his death, went to the widow, and told her of her husband's death, and offered to direct her to an attorney who would take care of her interests. The relative and the widow were made administrators, and the widow signed an agreement to pay the attorney one-third of what might be recovered from the estate. After examination for the discovery of assets he collected $5,700. *Held,* that the attorney would be allowed only $1,000, as that amount would amply compensate him for the services rendered, which took only a short time and were not of an unusual character.

     [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 351; Dec. Dig. ☞147.]

Appeal from Surrogate's Court, New York County.

In the matter of the accounting of Harry C. E. Mellick, as coadministrator, etc. From a decree of the Surrogate's Court settling the account of the administrator, Eliza F. Brush appeals. Modified and affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

James E. Kelly, of New York City, for appellant.
James H. Hickey, of New York City, for respondent.

SMITH, J. The appellant is the widow of Jacob J. Brush, who died intestate, without children and without father or mother, and as his widow she was entitled to all his property. She had been living apart from her husband for 18 years before his death, and had not heard from him for 2 years. He had been living with a family by the name of Taylor. He died, leaving in the neighborhood of $21,000 in savings banks deposits. These deposits were held in various forms —some of them payable to himself, or Mrs. Taylor, or the survivor; some payable to himself and Mrs. Taylor. One Mellick was a distant relative of Brush. He went to the appellant after the death of her husband, and informed her of his death, and told her, if she would come to his office, that he would direct her to an attorney who would take care of her interests. The next day she went to his office, and Mellick directed her to an attorney by the name of Hickey. Hickey drew up the necessary papers whereby Mellick and the appellant were made administrators, and drew up a paper, which she signed, whereby she agreed to pay to Hickey one-third of whatever might be recovered from the estate. Upon her objection to signing this paper she swears she was told that that was the law. Thereafter she settled with the Taylors for $2,000 and a diamond ring valued at about $350. This settlement was not satisfactory to Mellick, and he insisted upon an examination for the discovery of assets. This was opposed by this ap-

pellant. The surrogate afterwards allowed it, however, and after that examination the Taylors paid over to the administrators an additional $3,150. Two hundred dollars was given from the Patrolman's Association, so that in all there was collected from the estate about $5,700. Upon the accounting of Mellick as administrator, a payment to Hickey of one-third of that amount was allowed, under the agreement signed between Hickey and this appellant. The surrogate has found that that was fair compensation under the circumstances of the case.

The main controversy here is upon the question whether this allowance of one-third of the amount recovered to the attorney is a proper allowance. We are unable to agree with the learned surrogate in his approval of this attorney's bill. Mellick and Hickey may be deemed to have been acting together, each one responsible for the other's acts. Mellick must have had some knowledge of the estate of his relative at the time that he sought out the widow and offered to care for her interests. An agreement with a widow, who knows nothing of her husband's estate, as far as appears, to protect her interests for one-third of any estate that may be collected, is not such an agreement by an attorney as ordinarily will receive the approval of the court. In this case the services actually rendered consumed a short time only, and were not of unusual character. Giving to the attorney full credit for the fact that extra moneys were procured by his efforts as against the objection of the widow, we are of opinion that $1,000 will amply compensate him for the services rendered.

Decree modified, in accordance with this opinion, and, as modified, affirmed, without costs. Settle order on notice. All concur.